

Signed/Docketed
September 11,

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-30421 MER |
| FELIPE NUNEZ ) | |
| PATRICIA NUNEZ ) | Chapter 13 |
| ) | |
| Debtors. ) | |

## ORDER

This matter comes before the Court on the Debtors' Motion for Modification of Confirmed Chapter 13 Plan and the Objection of the Chapter 13 Trustee. The issue presented is whether the Chapter 13 Trustee may properly request updated Schedules I and J to reflect any changes in income and expenses, and copies of the Debtors' recent tax returns, 2013 W-2s, and recent pay advices. The Trustee argues this information is necessary to determine whether the proposed modified plan is feasible and filed in good faith. The Debtors contend the Trustee's true motive is to use the updated information to insist on increased payments to Class 4 creditors.

The Debtors' Chapter 13 plan confirmed December 7, 2011, provided for monthly payments of $81 for 60 months, with Class 4 creditors to receive a total of $648. The Debtors' Schedule I discloses a household consisting of the Debtors, three minor children, and a mother-in-law. The Debtors' monthly net take home pay was $3,856. The Debtors' Schedule J shows monthly expenses totaling $3,775, resulting in monthly net income of $81 to be devoted to plan payments.

On October 25, 2013, the case was dismissed because the Debtors failed to make plan payments. The Debtors filed a Motion to Reinstate Case which stated the Debtors had sent the payments but they were not received by the Trustee, and indicated they would file a modified plan upon reinstatement. The Motion to Reinstate was granted December 5, 2013, but the Debtors did not file a modified plan until June 12, 2014.

The proposed modified plan increases the amount of attorneys' fees to be paid to the Debtors' attorney, and increases the payments to Class 4 creditors to $720. It indicates payments of $122 per month will be made for months 35 through 60. Neither the proposed modified plan nor the Motion to Modify contain any information as to whether the Debtors' monthly disposable income has increased.

11 U.S.C. § 541(f)(4)(B)[1] provides a Chapter 13 debtor shall, on the request of the Court, the United States Trustee, or any party-in-interest, provide an annual statement of income and expenditures and a tax return. The Debtors contend this subsection does not apply to them because their plan contains no provision providing for income reporting. This Court disagrees.

The United States Court of Appeals for the Sixth Circuit has found: "Presumably designed in part to assist creditors and the Chapter 13 trustee in deciding whether to bring motions to modify, § 521(f)(4)(B) . . . requires Chapter 13 debtors . . . to provide annual statements (after the case is confirmed and until it is closed) of their income and expenditures."[2] Similarly, the United States Court of Appeals for the Eleventh Circuit has found a Chapter 13 debtor's duty to disclose "does not end once the forms are submitted to the bankruptcy court; rather the debtor must amend [her] financial statements if circumstances change."[3] In addition, Judge Tallman of this Court has pointed out:

> Requiring a 60–month time commitment of above-median-income debtors, where an objection is filed and the debtors are unable to pay their unsecured creditors in full, increases the amount of time during which debtors are subject to the supervision of the Court. During that time, the Chapter 13 Trustee or any party in interest can request and obtain copies of the debtor's post-petition tax returns, *see* 11 U.S.C. § 521(f)(1), and annual income and expense reports, *see* § 521(f)(4). If a debtor's income increases or expenses decrease, thereby making more money available for Chapter 13 plan payments, a Chapter 13 Trustee or a creditor may request plan modification under § 1329. Together, those sections best ensure that debtors repay the maximum they can afford over the course of their Chapter 13 bankruptcy case.[4]

Moreover, the Bankruptcy Court for the Northern District of Florida has opined the inclusion of the rights set forth in § 521(f)(4) "would be pointless if the debtor's income with regard to plan payments is permanently fixed at the pre-

---

[1] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[2] *Baud v. Carroll*, 634 F.3d 327, 354 n.21 (6th Cir. 2011).

[3] *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010) (citations and internal quotations omitted).

[4] *In re King*, 2010 WL 4363173, at *3 (Bankr. D. Colo. Oct. 27, 2010) (Slip Copy). As stated by the Debtors, they are below the median income. However, they have nonetheless chosen a 60-month plan.

petition amount."[5]  The Court agrees with the reasoning of these Courts and finds the duty to provide requested financial information set forth in § 521(f)(4) is not limited to cases where such a duty is specifically set forth in a plan.

Further, the Court finds the modification of a confirmed Chapter 13 plan is subject to the requirements of § 1325.[6]  The Court notes § 1325(a)(6) and (a)(9) require a debtor to be able to make the payments under the plan, and to be current on filing tax returns in order to have a plan (or modified plan) confirmed.  In this case, the information requested by the Trustee is necessary for the Trustee and this Court to determine whether the proposed modified plan complies with these subsections.

Lastly, while the Court recognizes the production of the requested information may be inconvenient for the Debtors and their counsel, it finds the production is not unduly burdensome, as argued by the Debtors.  Rather, the Debtors have the responsibility and bear the burden concerning the elements of § 1325(a).[7]

For these reasons,

IT IS ORDERED the Debtors' Motion to Modify is DENIED.

IT IS FURTHER ORDERED the Debtors shall provide the information requested by the Chapter 13 Trustee and file a renewed Motion to Modify and, if necessary, a new proposed modified plan, by October 9, 2014, failing which the above-captioned case will be dismissed without further notice or hearing for failure to prosecute.

Dated September 11, 2014                    BY THE COURT:

_____
Michael E. Romero
United States Bankruptcy Judge

---

[5] *In re Purdy*, 373 B.R. 142, 149 (Bankr. N.D. Fla. 2007).

[6] Section 1329(b) provides a modified plan is subject to the requirements of § 1325(a).

[7] *See In re McDonald*, 508 B.R. 187, 205 (Bankr. D. Colo. 2014) (citing, *inter alia*, *In re Anderson*, 173 B.R. 226, 229 (Bankr. D. Colo. 1993).